911 F.2d 726
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Edward W. ROE, Defendant-Appellant.
 No. 89-7813.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 12, 1990.
Decided Aug. 15, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Chief District Judge. (CA-89-323-HC-BR)
 William E. Martin, Federal Public Defender, G. Alan DuBois, Jr., Assistant Federal Public Defender, Raleigh, N.C., for appellant.
 Margaret Person Currin, United States Attorney, Rudolf A. Renfer, Jr., Assistant United States Attorney, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before MURNAGHAN, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Edward W. Roe was committed to the custody of the Attorney General for evaluation to determine whether there was a substantial probability that he could be restored to competency. On February 23, 1989, the district judge, upon receiving a Certificate of Improved Mental Condition from the authorities at F.C.I.-Butner, ordered that Roe be conditionally released from Butner. He imposed conditions requiring that Roe remain under the supervision of the United States Probation Office and that he participate in mental health out-patient treatment. Roe has objected to the conditions.
 
 
 2
 It is uncontested that Roe is delusional, and that his delusional paranoia is of a persecutory type, expressing itself in a belief of a conspiracy within the government to ruin his career and to interfere with his life. The mental condition manifested itself in Roe's repeated appearance at a government building with a bottle containing rubbing alcohol and a tissue paper wick. On three occasions, Roe set the tissue on fire, dropping the bottle at his feet where it erupted into a flash of flame. Roe's express purpose was to have himself arrested so he could confront in a court of law those forces he felt were acting contrary to his interests.
 
 
 3
 In the hearing before the district judge, the Chief of Psychiatric Services at Butner testified as to Roe's delusional disorder and expressed the belief that release without supervision probably would lead to discontinuance of treatment, with the consequence that Roe would become a danger to others in the community.
 
 
 4
 The court-appointed psychiatrist agreed with the Chief of Psychiatric Services' diagnosis but, nevertheless, expressed the view that Roe's release would not pose a threat to others.
 
 
 5
 We are simply confronted with a case where the clearly erroneous standard must be applied to test the validity of the district court's finding of fact that the conditions of release were proper. That is to say, that the finding of fact must be upheld unless the reviewing court "is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).
 
 
 6
 Applying the clearly erroneous standard, we are satisfied that the findings of the district judge were not clearly erroneous. Consequently, the judgment of the district court should be affirmed.
 
 
 7
 A review of the briefs and record has provided adequate grounds for review and consideration of the case, and, consequently, it has been decided without oral argument.
 
 
 8
 AFFIRMED.